# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CARLOS SHURICK,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-1974-Orl-31GJK**

**THE BOEING COMPANY,**

        **Defendant.**

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO REINSTATE TRIAL BY JURY (Doc. No. 16)**
>
> **FILED:** June 17, 2008
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The previous order, striking the Plaintiff's demand for a jury trial, was based on the language of Florida's private-sector whistleblower act, Fla. Stat. §§ 448.101 - 448.195, which provided that in any action brought under the act, "the court" may order various forms of relief, including compensatory damages.

Subsequent to the entry of that order, the First District Court of Appeal decided *O'Neal v. Florida A&M University*, 2008 WL 2276307 (June 5, 2008).[1] In that case, which was brought under the public-employee version of the whistleblower act, Fla. Stat. §§ 112.3187-112.31895, the Court noted that the act did not "in terms provide for trial by jury." *Id.* at *1. The Court held that the proper course of inquiry was to determine (1) whether the action O'Neal was pursuing or proceedings of a like nature were triable by a jury under the common law and, if no analogous action existed at common law, (2) whether O'Neal was seeking legal or only equitable relief. *Id.* The Court found that retaliation/whistleblower actions were unknown to the common law, and that O'Neal's claim for back pay under the act was legal rather than equitable. *Id.* at *1 - *2. As a result, O'Neal was entitled to a jury trial.

The Court sees no basis for distinguishing between the public and private versions of Florida's whistleblower act on this issue. Just as was the case with the private version, the public version does not in terms provide for trial by jury. In this case, Shurick seeks compensatory damages, a legal remedy. As such, he is entitled to a jury trial.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 7, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that *O'Neal* has not yet been released for publication and is subject to revision or withdrawal. In the absence of any indication that the decision is being reconsidered, however, this Court will treat it as a final decision. In addition, the Fourth District Court of Appeal recently reached the same conclusion regarding a whistleblower's right to a jury trial. *See Fox v. City of Pompano Beach*, 2008 WL 2511779 (Fla. 4th DCA June 25, 2008). Just like *O'Neal*, *Fox* has not yet been released for publication.